UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

      v.                        21 Cr. 310 (ABJ)

ISRAEL TUTROW

DEFENSE SENTENCING MEMORANDUM

Since June 2021 when I filed my first Sentencing Memorandum for a "Capitol Case" the Government has changed its recommendation for individuals charged with Parading, Demonstrating, or Picketing in a Capitol Building  40 USC § 5104(e)(2)(G), 40 USC § 5109(b)  from a request for three years probation to a request for a period of incarceration.

In June 2021 the Office of the United States Attorney, called for a probationary sentence in Cr. 21-164 for a defendant:

(1) did not engage in any preplanning or coordination prior to entry in the Capitol;
(2) did not personally engage in acts of violence or destruction of property, or incite the same;
(3) only remained in the Capitol for a brief period of time and in a limited area of the building;

(4) cooperated with law enforcement at the time of arrest;
(5) timely admitted [his] actions and accepted responsibility;

(6) expressed contrition; and

(7) does not have a criminal history.

Israel Tutrow recognizes he has a criminal history. He has convictions for two misdemeanor marijuana offenses, for contributing to the delinquency of a minor and for underage drinking. Nonetheless in recognition that his offense conduct on January 6th was minimal, the United States Probation Office is recommending a Sentence of Probation.

This change in DOJ policy requires counsel to discuss why a non custodial sentence of probation, is a more sagacious response to this misconduct.  A term of probation could require the defendant to participate in continued education and to seek appropriate medical treatment. A thirty -six month period of supervision is three times greater than the twelve months of supervised release permitted —were the Court to impose a custodial sentence. In conformance with the provisions of U.S. Code 18 §3553 probation is the appropriate sentence for Israel Tutrow. Any period of incarceration is a punishment greater than necessary to comply with the purposes of sentencing.

What occurred on January 6, 2021 was not a naturally developed political protest.  It was, I believe, a coup attempt--fomented intentionally by right wing actors who used data mining and psychological manipulation. Vulnerable individuals were identified and persuaded through the internet that it was their patriotic duty to come to Washington to support Trump. In Washington, they were emboldened and ushered down the avenue to "Stop the Steal" and to storm the Capitol.

It is fitting and appropriate to arrest those who participated in the attempted coup. The difficult question is what is the appropriate sanction for a pawn who personally did no physical damage nor assaulted law enforcement-- but nonetheless participated in the riot.  As Fiona Hill recently stated the "main threats" to democracy come from right-wing actors who are deliberately undermining faith in the "integrity of the election system" and "calling for violence against fellow Americans." Among the thousands who came to Washington in January and have since been arrested-- few among the arrested are the people described by Ambassador Hill.  Of the several individuals I have been appointed to represent—none are informed, intentional political actors.  Four of the individuals I represent are very young—were heavily reliant on the internet—were uniformed and misinformed.  Two individuals suffer from diagnosed mental diseases. The balance of individuals I have come to know and to respect are vulnerable, politically unsophisticated individuals, who are truly confounded by what is happening in our country. Good people with no criminal history—our neighbors-- who were fed cynical and dangerous misinformation which destroyed their faith in the integrity of the election system. People who wrongly believed they could save America.

The lack of information, the loss of rationality and the loss of civic literacy that led to January 6, 2021 can only be addressed by education, respect and love.  To save our Union we must be wise. We must be compassionate.  We must listen.  We must provide the opportunity for the approximately 550 charged misdemeanants to receive more education, and to encourage each of them to study history and to gain civic literacy. Only knowledge—truth based on facts-- can foster change.  At this critical moment of civil discord and domestic contention --if it is still possible to

create a more perfect Union --it must be through education. We cannot force people to learn. But during Probation, we can provide the impetus and the opportunity of continuing education.

Criminal sentences serve two purposes. They serve the goal of deterring future crime by both the charged individual and by other individuals contemplating commission of the same crime. A sentence also serves the goal of retribution – on the theory a criminal deserves punishment for having acted criminally. The Sentencing Judge however must impose the least severe sentence that still achieves both goals, while also considering the need for societal protection. 18 U.S.C. § 3553.

To impose a custodial sentence for an individual as described in subsections (1)-(7) above, would be to impose a sentence greater than necessary to comply with the purposes of §3553.  Further, the perception of an unwarranted prison sentence had been imposed, could increase the risk of civil discord, rather than deter future insurgence. We should not make pariahs or martyrs of these men and women.  They are our fellow citizens.  If one objective of sentencing is to deter future misconduct and to strengthen our civil harmony-- I commend the Court to impose a Sentence of Probation on Israel Tutrow.

He has shown he is willing to learn and to revisit his past mistakes. He has shown remorse and humility. He told counsel that his involvement in this horrific and historic event and his arrest in consequence of his participation, have made him focus on who he is and what he must do to grow to be the person he aspires to become.  After a year of joblessness, he is now employed. After dropping out of school, he has returned to community college. He is working and he is studying.  He has stopped

marijuana use and alcohol consumption. He is striving to heal himself and to realize the expectations his grandparents have faith he can achieve.

The Solomonic proverbs are relevant here as they are to every Sentence. Proverbs 10:12 "Hatred stirs up trouble, but love forgives all wrongs.". Proverbs 10:23 "A foolish person enjoys doing wrong, but a person with understanding enjoys doing what is wise."

As the Reverend Martin Luther King said "Love is the only force capable of transforming an enemy into a friend… Darkness cannot drive out darkness; only light can do that. Hate cannot drive out hate; only love can do that." As I watched the riot on January 6, 2021 I experienced fear, tremendous anger, hurt and turmoil. I wanted revenge.

When I was appointed to represent individuals before this Court, I heard different voices. It is true, I have met some people who hold what I consider to be dangerous beliefs, Who are steadfast in their beliefs in Antifa conspiracy. But I have also met people willing to question their beliefs and to seek answers. To read, ask questions and to challenge their earlier ideas. The individual must be willing to change his or her ways. No one can force another to transform. Love is powerful. Listening with respect is powerful. I no longer want revenge.

As Martin Luther King said, …revenge, aggression and retaliation is an ineffective method that only fuels hate. We must develop and maintain the capacity to forgive. He who is devoid of the power to forgive is devoid of the power to love… Darkness cannot drive out darkness; only light can do that. Hate cannot drive out hate; only love can do that."

Israel Tutrow came to Washington and illegally entered the Capitol on January 6, 2021. He was arrested on January 27, 2021 and has been on Pre Trial Supervision for eleven months. He was my second appointed Capitol defendant. He has matured since his incarceration in January. He has learned from his impulsive behavior. He has been in frequent conversation with me for eleven months. We correspond ten times on his bad days. He writes with joy on days when he has success. He is trying to move forward and to make amends for his offense conduct. He turned himself into the FBI, when he learned there was an arrest warrant. He participated in a voluntary interview. He turned over his phones. He gave law enforcement the phone passwords. He has been 100% compliant with Pre Trial Services for eleven months.

This young man is not political. He has not registered to vote. He is not a MAGA supporter. A friend, Joshua Wagner, asked him to come to Washington, to share the driving. It was a road trip. Israel attended the rally and walked with Joshua to the Capitol. He wore a costume. His friend bought him a Trump hat. At the Capitol he stood outside while his friends went inside. He suffered an anxiety attack when he realized they were separated. He texted a friend in Indiana to get Josh's phone number. He went inside to find him. He was inside for a short period of time and remained in a limited part of the Capitol. He exited and re-united with his friend. On the return trip to Indiana he suffered multiple anxiety attacks as he listened to the radio accounts of the damages the mob had inflicted to the interior of the Capitol. As he learned of injuries to members of law enforcement, he began to comprehend the magnitude of the damage to democracy and to our country, the riot he was part of, had caused.

6

He understands there are consequences to this misconduct.  He requested an early date to enter a plea of guilty for his actions. He accepted a plea as soon as it was extended.

WHEREFORE,  we request the Court follow the recommendation of the Office of United States Probation and Sentence Israel Tutrow to a period of Probation of 24 months with an Order for Restitution of  $500.00.

        Respectfully submitted,

_____/s/_____
H. Heather Shaner, Esq. DC Bar 273 276
Appointed by the Court for Israel Tutrow
1702 S St. N.W.
Washington, D.C. 20009
Tel. 202 265 8210
hhsesq@aol.com